**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BRIAN ROUSE,

      Petitioner,                       CASE NO. 2:06-CV-14193
                                        HONORABLE DENISE PAGE HOOD
v.                                     UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

      Respondent.

_____/

**OPINION AND ORDER DENYING THE**
**PETITION FOR WRIT OF HABEAS CORPUS**

**I.      INTRODUCTION**

Brian Rouse, ("Petitioner"), presently confined at the Chippewa Correctional Facility in

Kincheloe, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2254, in which he challenges his sentence for armed robbery, M.C.L.A. 750.529; and

carjacking, M.C.L.A. 750.529a.  For the reasons stated below, the petition for writ of habeas

corpus is DENIED.

**I.      FACTS**

Petitioner was convicted of the above offenses following a jury trial in the Wayne County

Circuit Court.  On May 17, 2004, Petitioner was sentenced to seven to fifteen years in prison on

both offenses.  Petitioner's sentencing guidelines range under the Michigan Sentencing

Guidelines called for a minimum sentence of 51 to 85 months.

On March 11, 2005, an evidentiary hearing was conducted on Petitioner's ineffective

assistance of counsel hearing.  Petitioner argued that he was deprived of the effective assistance

of counsel at sentencing because his substitute counsel failed to prepare for the sentencing, failed

to offer mitigating evidence on Petitioner's behalf, and failed to request a continuance. After

hearing testimony and arguments, the trial court denied Petitioner's motion for re-sentencing.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Rouse,* No.

256494 (Mich.Ct.App. November 17, 2005); *lv. den.* 474 Mich. 1129; 712 N.W. 2d 484 (2006).

Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

> I. Substitute counsel's presence and performance at sentencing denied Mr. Rouse
> his state and federal constitutional rights to effective assistance of counsel.

## II.    STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted with respect to any
claim that was adjudicated on the merits in State court proceedings unless the
adjudication of the claim–

> (1)      resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
> (2)      resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court

factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable

application" occurs when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

## III. ANALYSIS

Petitioner contends that he was deprived of the effective assistance of counsel because substitute counsel at sentencing, James O'Donnell, failed to prepare for sentencing, failed to offer mitigating evidence on his behalf, and failed to request a continuance. O'Donnell represented Petitioner at his sentencing because Petitioner's trial counsel had a scheduling conflict that day and the trial court had refused to reschedule the sentencing date for another date.

To prevail on his ineffective assistance of counsel claims, Petitioner must show that the state court's conclusion regarding these claims was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996 (E.D. Mich. 2002). *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner initially contends that O'Donnell's alleged deficiencies at sentencing were so serious as to amount to the constructive denial of counsel, such that any prejudice towards Petitioner should be presumed. Where defense counsel entirely fails to subject the prosecution's case to "meaningful adversarial testing," there has been a constructive denial of counsel, and a defendant need not make a showing of prejudice to establish ineffective

3

assistance of counsel. *Moss v. Hofbauer,* 286 F. 3d 851, 860 (6th Cir. 2002)(*quoting United States v. Cronic,* 466 U.S. 648, 659 (1984)).  However, the *Cronic* presumption "applies only where defense counsel completely or entirely fails to oppose the prosecution throughout the guilt or penalty phase as a whole." *Benge v. Johnson*, 474 F. 3d 236, 247 (6th Cir. 2007)(citing *Bell v. Cone*, 535 U.S. 685, 697 (2002)).  In the present case, Petitioner's claim is not that his counsel failed to oppose the prosecution throughout the sentencing proceeding as a whole, but that his counsel failed to do so at specific points by failing to present mitigating evidence on his behalf at sentencing.  Counsel's alleged failures do not amount to a complete failure to provide a defense at sentencing.  The presumption of prejudice therefore does not apply and Petitioner would be required to show that he was actually prejudiced by counsel's alleged omissions at sentencing, as required by *Strickland,* in order to obtain relief. *Bell,* 535 U.S. at 697-98.

Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context. *See United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988).  "[A] failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment standards for effective assistance of counsel." *Arredondo v. United States,* 178 F. 3d 778, 788 (6th Cir. 1999).  To establish a claim of ineffective assistance of counsel in the sentencing context, a defendant must show that:

> 1. counsel's representation fell below the objective standard of reasonableness; and;
>
> 2. there is a reasonable probability that, but for counsel's unprofessional errors, the result of the sentence would have been different.
>
> *United States v. Harris,* 894 F. Supp. 20, 26 (D.D.C. 1995).

At least in the context of a capital case, the failure by counsel to present mitigating evidence at sentencing constitutes ineffective assistance of counsel. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 734 (E.D. Mich. 2002)(*citing to Skaggs v. Parker,* 235 F. 3d 261, 269 (6th Cir. 2000)).

Petitioner's primary claim is that his counsel was ineffective for failing to present mitigating evidence on his behalf at sentencing concerning Petitioner's mental health history, allegations of prior physical abuse, his special education background, his drug abuse, and his efforts to enter college. Petitioner claims substitute counsel should have been aware of these problems because Petitioner's original trial counsel had obtained a court-ordered psychiatric evaluation which referenced Petitioner's mental health history.

Petitioner's claim fails for several reasons. First, James O'Donnell testified at the evidentiary hearing that he attempted to review the pre-sentence investigation report with Petitioner on the day of sentencing, but that Petitioner refused to talk with him. (E.H., pp. 24-25, 30-31). The trial court, in denying petitioner's motion, specifically found that Petitioner had failed to discuss the contents of the pre-sentence investigation report with O'Donnell or bring the mitigating evidence to O'Donnell's attention. (*Id.* at pp. 71-77). In addition, Petitioner's trial counsel, Eric Goze, indicated at the hearing that Petitioner had consistently denied having any mental health problems, claiming that his mother was being "overprotective" in believing that he had any such problems. (*Id.* at pp. 15-16). Because Petitioner did not cooperate with counsel regarding the investigation and identification of mitigating factors to present to the sentencing court, counsel was not ineffective for failing to present such mitigating evidence to the trial court. *See Coleman v. Mitchell,* 244 F. 3d 533, 545-46 (6th Cir. 2001).

5

Secondly, much of the evidence that Petitioner claims should have been presented on his behalf would have either not mitigated his sentence or would have been negative. For example, the Michigan Court of Appeals found O'Donnell's refusal to present evidence of Petitioner's alcohol and marijuana use to be objectively reasonable, indicating that they could "find no authority or logic suggesting that counsel might be ineffective for failing to present evidence of other criminal activity." *Rouse,* Slip. Op. at * 2. In addition, O'Donnell testified that he had reviewed Petitioner's psychiatric evaluation prior to sentencing and was aware that Petitioner had been diagnosed with Attention Deficit Hyperactivity Disorder, Oppositional Defiant Disorder, and some depression. O'Donnell, however, didn't believe that these problems were "extremely serious," or that they needed to be brought to the trial court's attention, because these are the type of problems that many children suffer from. (E.H. pp. 29-30). Counsel's failure to present mitigating evidence on Petitioner's behalf at sentencing did not prejudice Petitioner, in light of the fact that much of the evidence identified by Petitioner was either not mitigating or was distinctly negative. *See Foley v. Parker,* 488 F. 3d 377, 383-84 (6th Cir. 2007).

Moreover, counsel did argue at sentencing that it appeared to be out of character for Petitioner to have committed these violent acts. (Sent. Tr., p. 3). The Michigan Court of Appeals declined to find O'Donnell's decision to present the crime as being "an out of character aberration," rather than the product of Petitioner's extensive history of problems, to be "unsound." *Rouse,* Slip. Op. at * 2. Because Petitioner's counsel did offer some mitigation evidence on Petitioner's behalf, Petitioner is not entitled to relief on this claim. *See Martin v. Mitchell,* 280 F. 3d 594, 613 (6th Cir. 2002).

Finally, and most importantly, Petitioner has failed to show that his sentence would have been different had this mitigating evidence been presented to the trial court judge at sentencing. Petitioner's minimum sentence of seven years was within the sentencing guidelines range of 51-85 months for the crimes that he was convicted of. In Michigan, sentences within a correctly scored guidelines range are presumptively proportionate. *See Hastings v. Yukins,* 194 F. Supp. 2d 659, 673-74 (E.D. Mich. 2002)(*citing to People v. Bailey*, 218 Mich. App. 645, 647; 554 N. W. 2d 391 (1996)). In rejecting Petitioner's claim, the Michigan Court of Appeals noted that since Petitioner's mental health history was part of the trial court's file, there was no reasonable likelihood that the trial court would have been persuaded to impose a reduced sentence if O'Donnell had presented this information at sentencing. *Rouse,* Slip. Op. at * 2. More importantly, the sentencing judge rejected Petitioner's motion for a re-sentencing after hearing this mitigating evidence at Petitioner's evidentiary hearing on his ineffective assistance of counsel claim.

In the context of presenting mitigating evidence at sentencing, there is an insufficient showing of prejudice, so as to establish an ineffective assistance of counsel claim, where "one is left with pure speculation on whether the outcome of the trial or the penalty phase could have been any different."*Slaughter v. Parker*, 450 F.3d 224, 234 (6th Cir. 2006)(*quoting Baze v. Parker*, 371 F.3d 310, 322 (6th Cir. 2004)). Petitioner is unable to show that he was prejudiced by counsel's alleged ineffectiveness at sentencing in light of the fact that the same trial judge who sentenced Petitioner was "unmoved" by this additional mitigating evidence when it was presented to him in Petitioner's post-trial motion. *See e.g. Dunham v. Travis,* 313 F. 3d 724, 732 (2nd Cir. 2002). Petitioner has submitted no evidence that the trial court would have imposed a

7

different sentence upon hearing this allegedly mitigating evidence. Since Petitioner has not

shown a "reasonable probability" that the trial court would have imposed a different sentence,

he has not shown prejudice, so as to establish that his counsel was ineffective at sentencing. *See*

*U.S. v. Mack,* 219 Fed. Appx. 456, 464 (6th Cir. 2007). Lastly, substitute counsel's decision to

represent Petitioner at sentencing without seeking a continuance was not ineffective assistance

of counsel, because Petitioner has failed to demonstrate any prejudice from counsel's

representation. *See Bonin v. Vasquez*, 807 F. Supp. 589, 609 (C.D. Cal. 1992).

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH**

**PREJUDICE.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 15, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of
record and Brian Rouse, Reg. No. 496813, Thumb Correctional Facility, 3225 John Conley
Drive, Lapeer, MI 48446 on July 15, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager
